IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00957-BNB

BILLY JACK WIGLESWORTH,

    Plaintiff,

v.

CHRISTOPHER PAGEL,
THE GEO GROUP, INC., and
JOE D. DRIVER,

    Defendants.

---

ORDER OF DISMISSAL

---

On November 5, 2012, Billy Jack Wiglesworth, an Alaska state prisoner proceeding *pro se* and housed at the correctional center in Hudson, Colorado, filed a civil complaint in the Superior Court for the State of Alaska for money damages and injunctive relief. ECF No. 1, ex. 25 at 1. Defendants, residents of Colorado, and a Florida-based corporation, paid the $350.00 filing fee, ECF No. 1, ex. 52 at 2, to remove the case on January 16, 2013, to the United States District Court for the District of Alaska (District of Alaska) under diversity jurisdiction, 28 U.S.C. § 1332. ECF No. 1, ex. 25 at 1. Thereafter, on February 5, 2013, Defendants moved to dismiss the case for lack of personal jurisdiction or, in the alternative, to transfer the action to this Court. *Id.* at 1-2.

On February 28, 2013, Mr. Wiglesworth submitted an amended complaint pursuant to 28 U.S.C. § 1332. ECF No. 5 (*see also* ECF No. 1, exs. 30 and 34). On

April 10, 2013, the District of Alaska transferred the case to this Court.  ECF No. 51.  It was unclear whether the amended complaint Mr. Wiglesworth filed in the District of Alaska or the complaint he filed in the Superior Court for the State of Alaska was the operative complaint.  Therefore, on April 19, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Wiglesworth to cure a deficiency by submitting within thirty days a complaint on the proper, Court-approved Prisoner Complaint form.  On May 10, 2013, Mr. Wiglesworth submitted the Prisoner Complaint (ECF No. 10) on the proper form.  He asks for declaratory and injunctive relief and money damages.

The Court must construe the Prisoner Complaint liberally because Mr. Wiglesworth is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Wiglesworth's claims in the Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the Prisoner Complaint, or any portion of the Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons

stated below, the Court will dismiss the Prisoner Complaint as legally frivolous.

Mr. Wiglesworth alleges that following a hearing on July 20, 2012, he was convicted of a disciplinary offense for forging a document which presents a threat to the security of the facility, resulting in his being sanctioned by thirty days in punitive segregation. He does not allege that he lost any good-time credits. He contends that the procedure at the hearing violated his due process rights because he was denied the right to confront and cross-examine adverse witnesses and the staff member who wrote the incident report was unavailable for the hearing. He is suing Defendants Christopher Pagel, who served as the disciplinary hearing officer, and Joe D. Driver, who on July 25, 2012, denied his appeal from the disciplinary conviction. He also is suing The Geo Group, Inc., because he alleges it entered into a contract to house Alaska prisoners such as himself in the GEO-owned and operated facility in Hudson, Colorado.

Generally, a plaintiff must make two showings in order to proceed on a procedural due process claim. *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1209 (10th Cir. 2007). First, a plaintiff must demonstrate that he possesses a protected liberty or property interest, and second, a plaintiff must show the procedures utilized were inadequate under the circumstances. *Id.* To the extent Plaintiff's due process claim encompasses his time in punitive segregation serving the sanction imposed as a result of his disciplinary conviction, he cannot show he has a protected liberty interest.

Plaintiff's claims are governed by the Supreme Court's opinion in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), which found that due process liberty interests created by state regulations are "generally limited to freedom from restraint which . . .

imposes an atypical and significant hardship on the inmate in relation to ordinary incidents of prison life." The *Sandin* Court expanded upon its analysis in *Wolff v. McDonnell*, 418 U.S. 539 (1974), to determine whether the Due Process Clause afforded an inmate who received thirty days in punitive segregation following a disciplinary hearing a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. *Sandin*, 515 U.S. at 483-84.

Following *Sandin*, the Supreme Court confirmed that an examination of prison rules or regulations themselves is no longer an appropriate method for ascertaining the existence of a liberty interest; rather, courts must look to the conditions of confinement to determine whether the inmate has suffered a "hardship" as set forth in *Sandin*. *See Wilkinson v. Austin*, 545 U.S. 209, 221-23 (2005); *see also Estate of DiMarco v. Wyoming Dep't of Corrs.*, 473 F.3d 1334, 1339 (10th Cir.2007) ("[s]tate policies or regulations will not create the basis for a liberty interest in the conditions of confinement so long as they do not impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). The mere placement in administrative segregation does not, on its own, implicate a liberty interest. *Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir.1996); *Templemen v. Gunter*, 16 F.3d 367, 369 (10th Cir.1994). Indeed, "administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled in part on other grounds*.

Under *Sandin* and its progeny, a right to due process in a disciplinary hearing arises only when the punishment imposes an atypical and significant hardship on the inmate in relation to ordinary incidents of prison life or when it will inevitably affect the

duration of a sentence. *See Sandin*, 515 U.S. at 484, 487. Thus, the first question to address is whether an inmate's punishment imposed following a disciplinary hearing gives rise to a right to due process in the hearing under the Fourteenth Amendment. In this case, to prove that he suffered a due process violation, Plaintiff must demonstrate that the sanctioned restraint imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. If so, then the court must determine whether the Plaintiff received due process in his disciplinary hearing.

A "significant and atypical hardship" sufficient to create a liberty is one that is of substantial degree (i.e., whether such conditions do more than mirror those in administrative segregation and protective custody) and duration. *See Gaines v. Stenseng*, 292 F.3d 1222, 1226 (10th Cir.2002). For example, the Supreme Court determined that the government created a liberty interest subject to due process protections when officials placed an inmate indefinitely in a super-max prison where almost all human contact was prohibited and that made the inmate ineligible for parole. *Wilkinson*, 545 U.S. at 224. Moreover, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) found an inmate's allegations that, for a three-year period, he was confined to his cell for all but five hours each week and denied access to the telephone, showers, outdoor recreation, the law library and programs offered to general population, arguably implicated procedural due process concerns. *See Fogle v. Pierson*, 435 F.3d 1252, 1257, 1259 (10th Cir.2006).

However, in *Sandin* the Supreme Court determined that the inmate's confinement in punitive segregation, which (with insignificant exceptions) mirrored the conditions imposed on inmates in administrative segregation, did not exceed similar, but totally

discretionary, confinement in either duration or degree of restriction. *Sandin*, 515 U.S. at 486. As such, the inmate's punitive confinement of thirty days did not present the type of atypical, significant deprivation in which a State might create a liberty interest. *Id.* In *Gaines*, the Tenth Circuit noted that "[d]isciplinary segregation for some lesser period [than seventy-five days] could fail as a matter of law to satisfy the 'atypical and significant' requirement in a case in the future, thereby making it futile to allow the *pro se* plaintiff to amend his complaint." *Gaines*, 292 F.3d at 1226.

Here, Mr. Wiglesworth confirms that the punitive segregation imposed on him at the disciplinary hearing was only thirty days. Accordingly, the Court, guided by the principles of *Sandin*, *Gaines*, and *Wilkinson*, finds that his punitive segregation of thirty days does not constitute a significant duration necessary to demonstrate an "atypical and significant hardship." The Prisoner Complaint (ECF No. 10) will be dismissed as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Wiglesworth files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 10) and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  21st  day of      May      , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court