IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00957-LTB

BILLY JACK WIGLESWORTH,

    Plaintiff,

v.

CHRISTOPHER PAGEL,
THE GEO GROUP, INC., and
JOE D. DRIVER,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Billy Jack Wiglesworth, is an Alaska state prisoner housed at the correctional center in Hudson, Colorado.  He filed *pro se* on May 30, 2013, a document titled "Motion to Alter or Amend Judgment or in the alternative a Certificate of Appability [sic]" (ECF No. 14) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and supporting memorandum (ECF No. 15).   Mr. Wiglesworth asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on May 21, 2013.  The Court must construe the May 30 motion liberally because Mr. Wiglesworth is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion will be treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), and will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Wiglesworth May 30 motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the instant action as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). The May 21 dismissal order discusses in great detail the reasons for the dismissal.

Upon consideration of the motion and the entire file, the Court finds that Mr. Wiglesworth fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Fed. R. Civ. P. 59(e) motion does not alter

the Court's conclusion that this action properly was dismissed.  Therefore, the Fed. R. Civ. P. 59(e) motion will be denied.

Accordingly, it is

ORDERED that the document titled "Motion to Alter or Amend Judgment or in the alternative a Certificate of Appability [sic]" (ECF No. 14) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure that Plaintiff, Billy Jack Wiglesworth, filed *pro se* on May 30, 2013, and which the Court has treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), is denied.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this   27th   day of      June         , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court