IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00957–KMT

BILLY JACK WIGLESWORTH,

    Plaintiff,

v.

CHRISTOPHER PAGEL, and
THE GEO GROUP, INC.,

    Defendants.

---

## ORDER
---

This matter is before the court on Plaintiff's "Motion to Transfer Venue" (Doc. No. 35 [Mot.], filed March 10, 2014). Defendants filed their response on April 7, 2014 (Doc. No. 50 [Resp.]), and Plaintiff filed his reply on April 28, 2014 (Doc. No. 52 [Reply]).

This case was originally transferred to this Court on April 15, 2013, from the United States District Court for the District of Alaska, pursuant to 28 U.S.C. § 1631, in order to cure a lack of personal jurisdiction over the defendants. (Doc. No. 1-51). On March 10, 2014, Plaintiff filed the Motion to Transfer Venue, requesting that this case be transferred back to the United States District Court for the District of Alaska. (Doc. No. 35).

28 U.S.C. § 1391(b) enumerates the rules for determining the proper venue for an action. Specifically:

> "a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in

> which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Even though the present venue of an action is proper, a district may transfer an action pursuant to 28 U.S.C. § 1404. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010). The court may transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* However, the action can only be transferred to a district court where the action might originally have been brought. 28 U.S.C. § 1404(1). Alternatively, the parties may consent or stipulate to a transfer of venue. *Id.*

As noted, this action was transferred from the United States District Court for the District of Alaska due to a lack a personal jurisdiction over the defendants in that district. (Doc. No. 1-51). The circumstances that provided the basis for transferring venue to this court provide the basis for denying the Plaintiff's Motion for Transfer of Venue. A civil action may only be brought where a court has personal jurisdiction over the parties. *See J. MacIntyre Mac. v. Nicastro*, 131 S.Ct. 2780, 2785 (2011). As the United States District Court for the District of Alaska did not have personal jurisdiction over the defendants, it was not a proper venue for filing this action and does not qualify as a venue where the "action might have been brought." 28 U.S.C. § 1404(1). Furthermore, the defendants have not consented to a transfer of venue. (Doc. No. 50). Consequently, Plaintiff's Motion does not meet the requirements for transfer of venue set forth under 28 U.S.C. § 1404(1).

Therefore, it is

**ORDERED** that Plaintiff's Motion to Transfer Venue (Doc. No 35) is **DENIED**.

Dated this 3rd day of June, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge