IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00957–KMT

BILLY JACK WIGLESWORTH,

    Plaintiff,

v.

CHRISTOPHER PAGEL, and
THE GEO GROUP, INC.,

    Defendants.

_____

# ORDER
_____

This matter is before the court on Defendants Christopher Pagel and The Geo Group, Inc.'s ("GEO") "Motion to Dismiss" (Doc. No. 49 [Mot. Dismiss], filed April 3, 2014). Plaintiff filed his response on April 28, 2014. (Doc. 51 [Resp. Mot. Dismiss]), and Defendants filed their reply on May 8, 2014 (Doc. No. 56 [Reply Mot. Dismiss]).

Also before the court is Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. No. 55 [Mot. Amend], filed May 5, 2014). Defendants filed their response on May 22, 2014 (Doc. No. 57 [Resp. Mot. Amend]), and Plaintiff filed his reply on June 6, 2014 (Doc. No. 59 [Reply Mot. Amend]). These motions are ripe for ruling.

## PROCEDURAL HISTORY

Plaintiff initially filed this action in Alaska state court, alleging he was "incarcerated under an Alaska judgment at the Hudson Correctional Facility (hereinafter DHO)" in Hudson,

Colorado.  (*See* Doc. No. 1-2 at 2-3, ¶¶ 4-5.)  HCF is a private correctional facility owned and operated by GEO.  (Doc. No. 1-1 at 2, ¶ 3.)  Defendant Pagel is employed by GEO and resides in Colorado.  (*Id.,* ¶ 3.)  Defendants removed the action to the United States District Court for the District of Alaska on January 16, 2013, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  (Doc. No. 1-1.)  On February 5, 2013, Defendants moved to dismiss the case for lack of personal jurisdiction or, in the alternative, transfer the case to the District of Colorado.  (Doc. No. 1-22.)  On April 10, 2013, the U.S. District Court for the District of Alaska issued a Transfer Order stating that Plaintiff's "claims allege actions taken by the Colorado residents in Colorado."  (*Id.*)  Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties of witnesses, in the interest of justice," the court ordered this case to be transferred to the U.S. District Court for the District of Colorado.  (*Id.* at 4.)

After transfer to this Court, United States Magistrate Judge Boyd N. Boland ordered Plaintiff to submit an amended complaint.  (Doc. No. 6.)  Plaintiff filed an Amended Prisoner Complaint on May 10, 2013. (Doc. No. 10.)  The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and dismissed it as legally frivolous. (Doc. No. 11.)  Plaintiff appealed, and the Tenth Circuit Court of Appeals reversed the dismissal and remanded the case to the District of Colorado to address the state-law claims including the choice of law issue.  (Doc. No. 22.)  This court ordered Defendants to answer or otherwise respond to the Amended Prisoner Complaint and to address the state law claims that had not been dismissed.  (Doc. No. 37.)  Defendants then filed their Motion to Dismiss.  (Doc. No. 49.)

## STATEMENT OF THE CASE

Plaintiff alleges on June 21, 2012, when he was housed at HCF, he was "served with an incident report alleging that he had violated" a prison rule regarding the forging of a television request form that described Plaintiff's institutional job status. (Doc. No. 10 at 5, ¶ 1.) Plaintiff alleges,

> [a] prisoner attempting to obtain approval for a television was required to (1) obtain the signature of his institutional case manager, (2) obtain the signature of the educational coordinator stating that the prisoner has at least a GED level education, (3) obtain the signature of the unit manager stating that the prisoner is employed and which department the prisoner is employed at, and (4) lastly turn in the television request for the Alaska probation Officer to review, and to approve or deny said request.

(*Id.* at 5-6, ¶ 7.)

Plaintiff initially appeared for his disciplinary hearing on June 27, 2012, over which Defendant Pagel presided. (*Id.* at 5, ¶ 6.) At the time of that hearing, Plaintiff requested that the officer who wrote the incident report (T. Benavidez) and the probation officer who investigated the disciplinary report (J. Pass) be present as witnesses. (*Id.* at 6, ¶ 10.) Defendant Pagel agreed to postpone the hearing in order to have the witnesses available. (*Id.*, ¶ 13.) At the rescheduled hearing on July 16, 2012, the hearing was again postponed, apparently in order to accommodate the schedule of Officer Pass. (*Id.*, ¶ 14.) At that time, Defendant Pagel advised Plaintiff to provide written questions to be sent to Officer Pass by the end of the day. (*Id.* at 7, ¶ 15.) Defendant Pagel advised that the questions would be e-mailed to Officer Pass, and her answers would be read into the record at the hearing. (*Id.*, ¶ 16.) Plaintiff informed Defendant Pagel that he believed this violated his "due process right to confront and cross-examine" his accuser. (*Id.,* ¶ 17.)

On July 20, 2012, at the rescheduled disciplinary hearing, Defendant Pagel advised Plaintiff that Officer Pass had responded to the written questions, and the answers would be read into the record. (*Id.*, ¶ 18.)  Additionally, Plaintiff was advised that Officer Benavidez had taken a personal day and would participate in the hearing via telephone. (*Id.,* ¶ 20.)  The hearing was held, and Plaintiff was "found guilty of the alleged infraction and sanctioned to 30 days['] punitive segregation." (*Id.*, ¶ 22.)

In Claim One, Plaintiff asserts Defendant Pagel violated the "state-based due process right to confront and cross-examine an adverse witness in person" causing a deprivation of "liberty and property for 30 days." (*Id.*, ¶ 23.)  In Claim Two, Plaintiff asserts Defendant Pagel asked questions of Plaintiff's staff advocate in such a manner as to "prompt" her to "submit adverse testimony" in violation of his state due process rights. (*Id.* at 9-10.)  In Claims Four and Five, Plaintiff alleges "negligence *per se*" for the defendants' alleged failure to exercise due care in performing their various functions and breaching their duties by violating Plaintiff's due process rights.[1] (*Id.* at 12-14.)

## LEGAL STANDARD

### 1. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less

---

[1]In his Amended Prisoner Complaint, Plaintiff also asserted a third claim for relief solely against Defendant Joe D. Driver (*see* Doc. No. 10 at 11); however, Plaintiff voluntarily dismissed his claim against Defendant Driver on March 21, 2014 (*see* Doc. No. 39).

4

stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

2. *Failure to State a Claim Upon Which Relief Can be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic*

5

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

*3.     Amendment of Pleadings*

Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

**ANALYSIS**

*1.     Claims One and Two for State-Based Due Process Violations*

For Claims One and Two, Plaintiff seeks declaratory and injunctive relief. (*See* Doc. No. 10 at 11, ¶ 42; at 13, ¶ 56.) Specifically, Plaintiff requests the following:

1.  For a declaration stating that Pagel violated Wiglesworth's state based due process right to confront and cross-examine Wiglesworth's accusers in person in a prison disciplinary hearing.
2.  For a declaration stating that Pagel violated Wiglesworth's state based due process right when he improperly questioned Wiglesworth's staff advocate.
3.  For a declaration stating that Driver violated Wiglesworth's state based due process right to confront and cross-examine Wiglesworth's accusers in person when Driver having the ability to reverse the DHO's decision, denied relief from the constitutional error.
4.  For injunctive relief by reversing the underlying disciplinary action as unfounded.

(*Id.* at 16.)  On May 30, 2013, Plaintiff filed a "Notice of Change of Address," in which he advised he would be transferred to a correctional facility in Alaska.  (Doc. No. 13.)  From a review of the docket, it appears Plaintiff is still in the Alaska correctional facility.

A party cannot maintain an action for declaratory or injunctive relief unless a substantial likelihood of being injured in the future is demonstrated.  *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991).  Plaintiff is no longer housed at the HCF and likely will not be in the future.  Under these circumstances, an award of injunctive relief in this regard would have no effect on the defendants' behavior towards him.  *See Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that a prisoner's transfer moots his request for injunctive relief in the facility from which he was transferred); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984) (holding that a prisoner's transfer to a different jail moots his claim for declaratory and injunctive relief even when prisoner argues that "there is no assurance that he will not be returned to the [first] jail"); *cf. White v. State of Colo.*, 82 F.3d 364, 366 (10th Cir. 1996) (holding that inmate plaintiff's claims for injunctive relief regarding conditions of confinement were mooted by his release on parole).

As such, this Court lacks jurisdiction over Plaintiff's claims for injunctive and declaratory relief, because the relief he seeks is moot.  Accordingly, Plaintiff's Claims One and Two for alleged state-based due process violations are dismissed without prejudice for lack of jurisdiction.

### *2.     Choice of Law for Negligence* **Per Se** *Claims*

Throughout his Amended Prisoner Complaint, Plaintiff alleges the defendants violated Alaska state law. (*See* Doc. No. 10.) The defendants urge the court to apply Colorado law to Plaintiff's state law claims. (*See* Mot. Dismiss.) Generally, when a district court transfers a case to another forum pursuant to 28 U.S.C. § 1404(a), the transferee court must follow the choice of law rules of the transferor court. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). When the transferor court lacks personal jurisdiction, however, the choice of law rules of the transferee court apply. *Trierweiler*, 90 F.3d at 1532. In this case, the U.S. District Court for the District of Alaska specifically denied the defendants' motion to dismiss for personal jurisdiction and instead transferred this case to the District of Colorado pursuant to § 1404(a). (*See* Doc. No. 1-51 at 3.) Thus, this Court must follow the choice of law rules of the District of Alaska. 90 F.3d at 1532.

Nevertheless, in Alaska, when choice-of-law issues arise, the Alaska Supreme Court "refer[s] to the Restatement (Second) of Conflicts for guidance." *Palmer G. Lewis Co. v. ARCO Chemical Co.*, 904 P.2d 1221, 1227 (Alaska 1995). Plaintiff's Claims Four and Five for negligence *per se* are tort claims. Section 145 of the Restatement (Second) of Conflicts governs the choice of law issue for torts and provides, in pertinent part, that "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." Restatement (Second) of Conflicts of Law § 145(1) (1971). In order to determine which state has the "most significant relationship to the occurrence" the Court considers "(a) the place where the injury occurred, (b) the place where the conduct causing the

injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."

Here, the place where the injury occurred was Colorado; the place where the conduct causing the injury occurred was Colorado; and the place where the relationship of the parties was centered was Colorado.  The only relationship to Alaska is that Plaintiff is an Alaska resident and was an Alaskan prisoner at the time of the accident. Colorado is the state with the more significant relationship and, thus, Colorado substantive law applies to Plaintiff's Claims Four and Five.

### *3.     Failure to State a Negligence* **Per Se** *Claim*

Though Defendants correctly argue that Colorado substantive law applies to Plaintiff's Claims Four and Five, they fail to argue on what basis Plaintiff's Claims Four and Five should be dismissed.  Nevertheless, this court may analyze the sufficiency of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

"Negligence *per se* is simply negligence with the standard of care being set forth in a statute or ordinance." *Neiberger v. Hawkins*, 208 F.R.D. 301, 309 (D. Colo. 2002) (citing *Largo Corp. v. Crespin*, 727 P.2d 1098, 1107 (Colo. 1986)); *see also Wallman v. Kelley*, 976 P.2d 330, 333 (Colo. App. 1998).  "[N]egligence *per se* occurs when the defendant violates a statute adopted for the public's safety and the violation proximately causes the plaintiff's injury. To recover, the plaintiff must also demonstrate that the statute was intended to protect against the type of injury [he] suffered and that [he] is a member of the group of persons the statute was intended to protect." *Scott v. Matlack, Inc.*, 39 P.3d 1160, 1166 (Colo. 2002).

As the basis for his negligence *per se* claims, Plaintiff relies on Defendants' alleged violations of Alaska Statute § 11.76.110—a criminal statute for interference with constitutional rights—and various Alaska Administrative Codes. (*See* Doc. No. 10 at 14.) Because Colorado law applies to Plaintiff's negligence *per se* claims, the claims must be premised on a violation of a Colorado statute—not an Alaska statute or regulation. Plaintiff fails to allege that the defendants violated any Colorado statute. Therefore, Plaintiff's negligence *per se* claims are dismissed for failure to state a claim upon which relief can be granted.

Nevertheless, "[d]ismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). Therefore, Plaintiff will be given an opportunity to file an amended complaint to assert a claim for negligence *per se* in which the claim is premised on a violation of a Colorado statute.

### 4. *Motion to Amend*

In Plaintiff's proposed amended complaint, he again attempts to assert a claim for the defendants' alleged violations of the Alaska state constitution. (*See* Doc. No. 55-1 at 2-6.) For this claim, Plaintiff seeks declaratory relief and injunctive relief. (*Id.* at 8.) Plaintiff also attempts to assert a claim for negligence *per se* premised on a violation of an Alaska statute and administrative codes. (*See* Doc. No. 55-1.) Plaintiff's attempts to amend and continue to assert claims under Alaska law are a blatant attempt to avoid the application of Colorado law and to forum shop for the law he wishes to apply. Plaintiff's proposed amendments would be subject to dismissal as futile for the reasons set forth above. *See Anderson v. Merrill Lynch Pierce Fenner*

*& Smith Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") Therefore, Plaintiff's motion to amend is denied.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** Defendants Christopher Pagel and The Geo Group, Inc.'s "Motion to Dimiss" (Doc. No. 49) is **GRANTED**.  It is further

**ORDERED** Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. No. 55) is **DENIED.**  It is further

**ORDERED** that within thirty days from the date of this Order Plaintiff may file an amended complaint to assert only a claim or claims for negligence *per se* premised on the alleged violation of a Colorado statute.  It is further

**ORDERED** that if Plaintiff fails to file an amended complaint that complies with this Order, the Federal Rules of Civil Procedure, and this Court's Local Rules of Practice, within the time allowed, the court will dismiss this action and enter judgment in favor of the defendants.

Dated this 5th day of December, 2014.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge