IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00957–KMT

BILLY JACK WIGLESWORTH,

      Plaintiff,

v.

CHRISTOPHER PAGEL, and
THE GEO GROUP, INC.,

      Defendants.

_____

# ORDER
_____

      This matter is before the court on Plaintiff's "Motion to Transfer Venue" (Doc. No. 98, filed October 2, 2015).

      Plaintiff initially filed this action in Alaska state court, alleging he was "incarcerated under an Alaska judgment at the Hudson Correctional Facility" in Hudson, Colorado. (*See* Doc. No. 1-2 at 2-3, && 4-5.) Hudson Correctional Facility is a private correctional facility owned and operated by GEO. (Doc. No. 1-1 at 2, & 3.) Defendant Pagel is employed by GEO and resides in Colorado. (*Id.*, & 3.) Defendants removed the action to the United States District Court for the District of Alaska on January 16, 2013, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Doc. No. 1-1.) On February 5, 2013, Defendants moved to dismiss the case for lack of personal jurisdiction or, in the alternative, transfer the case to the

District of Colorado.  (Doc. No. 1-22.)  On April 10, 2013, the U.S. District Court for the District of Alaska ordered the case, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties of witnesses, in the interest of justice," be transferred to the U.S. District Court for the District of Colorado.  (Doc. No. 1-51 at 3–4.)  Plaintiff now requests that this case be transferred back to the United States District Court for the District of Alaska.  (Doc. No. 98.)

A transfer under 28 U.S.C. § 1404(a) lies within the discretion of the court.  *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662, 665 (10th Cir. 1972).  The court may transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  However, the action can only be transferred to a district court where the action might originally have been brought or to any district to which all parties have consented.  § 1404(a).

A civil action may only be brought where a court has personal jurisdiction over the parties.  *See J. MacIntyre Mac. v. Nicastro*, 131 S.Ct. 2780, 2785 (2011).  The U.S. District Court for the District of Alaska specifically denied the defendants' motion to dismiss for personal jurisdiction and instead transferred this case to the District of Colorado pursuant to § 1404(a).  (Doc. No. 1-51 at 3.)  Nevertheless, the U.S. District Court for the District of Alaska determined that "personal jurisdiction exists in Colorado" because Plaintiff had named three residents of Colorado, individual employees of Hudson Correctional Facility, and Plaintiff's claims alleged actions taken by the Colorado residents in Colorado.  (*Id.* at 2.)  Thus, because the Alaska District Court did not have personal jurisdiction over Plaintiff's claims, it was not a proper venue for filing this action and does not qualify as a venue where the action might have been brought.  28 U.S.C. § 1404(a).  The defendants do not oppose Plaintiff's motion; however,

they have not affirmatively consented to transfer the case back to the District of Alaska.  (*See* Doc. No. 101.)  In any event, § 1404(a) does not allow a court to transfer a suit to a district that lacks personal jurisdiction over the defendants, even if they consent to suit there.  *See Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960); *Morris v. Peterson*, 759 F.2d 809, 812 (10th Cir. 1985).

Plaintiff's motion does not meet the requirements for transfer of venue set forth under 28 U.S.C. § 1404(a).

Therefore, it is

**ORDERED** that Plaintiff's "Motion to Transfer Venue" (Doc. No. 98) is **DENIED**.

Dated this 3rd day of November, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge